```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE SOUTHERN DISTRICT OF OHIO
                         EASTERN DIVISION
```

Equal Employment Oppurtunity
Commission,                            :

       Plaintiff,                     :

  v.                                   :      Case No. 2:06-cv-0233

Honda of America Mfg., Inc.,           :      JUDGE WATSON

       Defendant.                     :

<u>ORDER</u>

    This employment action is currently before the Court to consider whether an amendment to the complaint should be permitted.  The proposed amendment would name two additional defendants to the state law claims pleaded by intervenor Monica Ways.  The two proposed new defendants are Koki Hirashimi and Tadashi Nogouchi, both of whom were officials of Honda of America while Ms. Ways was employed there.  For the following reasons, the motion for leave to amend will be denied.

    Ms. Ways has argued her motion exclusively under the provisions of Fed.R.Civ.P. 15(a), which provides generally that leave to amend should be purely granted when justice so requires and as long as there is no substantial prejudice to the opposing party.  However, because the Court previously established a deadline for the filing of motions for leave to amend which has now passed, before determining whether the standards of Rule 15 would permit the amendment, the Court must consider whether the requirements of Fed.R.Civ.P. 16(b) have been satisfied.  <u>See</u>, <u>e.g.</u>, <u>Inge v. Rock Financial Corp</u>, 281 F.3d 613 (6th Cir. 2002).

    Fed.R.Civ.P. 16(b) requires the Court, in each civil action which is not exempt from that rule, to "enter a scheduling order that limits the time" to, <u>inter alia</u>, file motions, identify

expert witnesses, and complete discovery. The rule further provides that "[a] schedule shall not be modified except upon a showing of good cause ...."

Although the Court has broad discretion to modify its own pretrial orders, it must be remembered that "[a]dherence to reasonable deadlines is ... critical to maintaining integrity in court proceedings," Rouse v. Farmers State Bank, 866 F.Supp. 1191, 1199 (N.D. Iowa 1994), and that pretrial scheduling orders are "the essential mechanism for cases becoming trial-ready in an efficient, just, and certain manner." Id. at 1198. In evaluating whether the party seeking modification of a pretrial scheduling order has demonstrated good cause, the Court is mindful that "[t]he party seeking an extension must show that despite due diligence it could not have reasonably met the scheduled deadlines." Deghand v. Wal-Mart Stores, 904 F.Supp. 1218, 1221 (D. Kan. 1995). The focus is primarily upon the diligence of the movant; the absence of prejudice to the opposing party is not equivalent to a showing of good cause. Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995). Of course, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Dilmer Oil Co. v. Federated Mut. Ins. Co., 986 F.Supp. 959, 980 (D.S.C. 1997). Further, although the primary focus of the inquiry is upon the moving party's diligence, the presence or absence of prejudice to the other party or parties is a factor to be considered. Inge v. Rock Financial Corp., 281 F.3d 613 (6th Cir. 2002). It is with these standards in mind that the instant motion will be decided.

Honda raised the Rule 16(b) issue in its responsive memorandum and Ms. Ways has not filed a reply, so it is difficult for the Court to determine exactly what arguments Ms. Ways might advance on the question of whether good cause has been shown to permit the amendment. Certainly, she cannot argue that she was

unaware prior to the deadline that the two proposed new defendants held supervisory positions with her employer, or that under some circumstances (which, as Honda argues, may well not be present here) individuals may be held liable for employment discrimination under Ohio law.  She might attempt to argue that the amendment became necessary when it became apparent that Honda would not voluntarily produce these two gentlemen for depositions in Ohio, but the case law on that issue (as set forth in the Court's order granting Honda's motion for a protective order) is clear that foreign nationals who are not employed by a party defendant cannot be compelled to appear in the United States for a deposition, and she should have been aware at least of the potential for a dispute about that issue well before the deadline for amending the pleadings had passed.  In any event, because Ms. Ways has advanced no argument that the good cause requirement of Rule 16(b) has been satisfied, and because it is not otherwise evident from the record that good cause exists, the Court declines to amend the scheduling order and therefore must deny the motion for leave to amend.  This disposition renders it unnecessary to address Honda's argument that the proposed amendment would be futile because the amended complaint fails to state a claim against either of the two proposed new defendants.

For the foregoing reasons, the motion of intervening plaintiff Monica Ways for leave to file an amended complaint (#40) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and

replies by the objecting party are due seven days thereafter. The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

    This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge