```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Equal Employment Opportunity
Commission,                           :

       Plaintiff,              :

   v.                              :     Case No. 2:06-cv-0233

Honda of America Mfg., Inc.,          :     JUDGE WATSON

       Defendant.              :

<u>ORDER</u>

     In an order filed on March 29, 2007, the Court denied a motion filed by Intervenor Monica Ways to add two additional defendants to this case.  Those defendants, Koki Hirashima and Tadashi Noguchi, both worked for Honda of America while Ms. Ways was employed there.  On October 18, 2007, Ms. Ways filed a second motion for leave to amend her complaint, again requesting leave to add these two gentlemen as defendants.  For the following reasons, that motion will likewise be denied.

     Ms. Ways' first motion for leave to amend was denied because she made no argument that she had shown good cause for moving for leave to amend the complaint after the deadline for filing such motions.  That deadline, September 1, 2006, was established in the Court's preliminary pretrial order.  The Court noted in passing that it was unlikely that the proposed amended complaint stated a claim against the two proposed new defendants, but did not deny the motion on that ground.

     In her more recent motion for leave to amend, Ms. Ways asserts that new facts which have come to light as a result of additional discovery justify her current attempt to amend her complaint.  Those new facts include notes produced and deposition

testimony given by Tracy McPherson, a Honda employee, and Ms. Ways' own deposition testimony.  Ms. Ways could not have learned new facts from her own deposition testimony, however, so that basis of her argument will be disregarded.  The question is then whether any new facts learned from Ms. McPherson's notes or testimony justifies a relaxation of the deadlines set for filing motions for leave to amend.

At her deposition taken on October 12, 2007, Ms. McPherson testified that when she learned from Richard Schostek, then Vice President and General Counsel of Honda of America, that he had decided to terminate Ms. Ways' employment, she questioned whether that decision was proper.  She raised her concerns with Mr. Schostek's immediate superior, a Mr. Adams.  She definitively testified that she never discussed the matter with Mr. Noguchi because she did not respect his judgment.  When asked whether she discussed the matter with Mr. Hirashima, who was President of Honda of America at one time, she stated that she probably did not.  She could not specifically recall whether Mr. Hirashima had moved on at that time, but stated that he probably had because, if he had not, she likely would have discussed her concerns with him.  She provided no other testimony indicating that either Mr. Hirashima or Mr. Noguchi were involved in any way in Mr. Schostek's decision to terminate Ms. Ways' employment.

It is clear that no new facts have emerged from this discovery.  Ms. Ways has always been aware that Mr. Hirashima and Mr. Noguchi worked for Honda of America and that they were either directly or indirectly above her in some supervisory capacity.  Ms. McPherson's testimony that she never discussed Ms. Ways' termination with Mr. Noguchi and probably did not discuss it with Mr. Hirashima contributes nothing to the question of whether Ms. Ways is in possession of the facts which would enable her to plead a viable cause of action against either of those

individuals.  Her cause of action could arise only under Ohio law and could be based only upon the allegation that either of the proposed new defendants was a supervisor as defined under Ohio law and participated in the decision to terminate Ms. Ways' employment for discriminatory reasons.  Ms. Ways knows as much, or as little, about those subjects now as she did prior to the time that Ms. McPherson testified.  As a result, she has not demonstrated good cause for leave to file an amended complaint after the September 1, 2006 deadline.  The Court also notes, parenthetically, that the amended complaint does not appear to state a cause of action against these two proposed new defendants because it does not allege their direct participation in the decision to terminate her.  Although Mr. Schostek's affidavit states that neither was involved, because that is a factual matter more appropriate for resolution by way of a summary judgment motion, the Court has not taken that assertion into account in making its decision.

Based upon the foregoing, the second motion for leave to amend (#70) is denied.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the

filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.


                                        /s/ Terence P. Kemp
                                        United States Magistrate Judge